E-FILED
Tuesday, 02 August, 2022  12:02:40 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| TYSHAWN BURCH, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| vs. | ) | No. 18-cv-3303 |
| | ) | |
| BRYCE RILEY, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

Defendants have filed a Motion to Dismiss Plaintiff's complaint with Prejudice, under 28 U.S.C. § 1915(e)(2)(A), for his alleged deception in failing to disclose all sources of income in his *in forma pauperis* ("IFP") petition (Doc. 54). Plaintiff, proceeding *pro se*, has filed a response (Doc. 60). After thoughtful consideration, the Court hereby DENIES Defendants' Motion to Dismiss.

## FACTS

On December 13, 2018, Plaintiff, incarcerated at the Illinois River Correctional Center ("IRCC"), submitted a form petition requesting IFP status (Doc. 5). The form, under question 2(e), sought the disclosure of "gifts or inheritances". Plaintiff indicated he had no income and had not received gifts, but received money "from family and friends, whatever they are able to send." Plaintiff swore, under penalty of perjury, his answers were true. On December 17, 2018, the Court granted Plaintiff's IFP Petition, and waived the initial filing fee. It directed IRCC to deduct monthly payments of 20% of the preceding month's income until the fee was paid in full. The Clerk was ordered to deduct the payments from the Plaintiff's account anytime his account showed more than $10, until the filing fee of $350 was paid in full.

ANALYSIS

The Prison Litigation Reform Act, which allows a plaintiff to proceed without full payment of the filing fee, provides that the "court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Defendants have filed a Motion to Dismiss asserting Plaintiff failed to disclose sources of income he received in the preceding 12 months and intentionally spent-down his funds to avoid paying the filing fee. In support, Defendants have provided Plaintiff's trust fund ledgers from October 18, 2018 through May 1, 2019, and an itemization of purchases Plaintiff made at the prison commissary.

Defendants document that Plaintiff filed his complaint on November 29, 2018, but some six weeks prior, on October 18, 2018, spent $287.76 at the prison commissary. Defendant also notes that on November 30, 2018, when the Court ordered Plaintiff to pay the filing fee or file an IFP petition, he spent down an additional $179.93 five days before filing his December 13, 2018 IFP petition. Defendants assert that Plaintiff's allegations of poverty were untrue and request that the case be dismissed with prejudice due to Plaintiff's "bad faith".

The IFP form Plaintiff completed required he identify all income, stating the source of the income, the amount received and what Plaintiff expected to receive in the future. As noted, Plaintiff disclosed "money from family and friends" without detail as to the amount, frequency, or his expectation as to future amounts. (Doc. 5). While Plaintiff asserts that the form is confusing, it appears to the Court to be straightforward with the result that Plaintiff disclosed only a portion of his income. *See Hoskins v. Barrett*, No. 21-56, 2021 WL 948761 at *1 (E.D. Wis. Mar. 12, 2021) (A prisoner with periodic income has 'means' even when he lacks 'assets.'").

In addition to claiming confusion, Plaintiff asserts that, as the Court approved the IFP petition after "meticulously review[ing] Plaintiff's trust fund ledgers," the matter was thereafter "out of [his] control." (Doc. 60 at 3). Here, Plaintiff attempts to put the onus on the Court for not "catching" the fact that he had not fully disclosed his income. A prisoner who under reports his income to avoid prepaying the filing fee faces dismissal as the failure to fully disclose may be viewed as a fraud upon the court. *Thomas v. General Motors Acceptance Corp.,* 288 F.3d 305, 306 (7th Cir. 2002). Here, it is not clear that that was Plaintiff's intent. He is placed on notice, however, that in the future any failure to fully disclose income may end in dismissal as "hiding assets is not a permissible alternative to [fully disclosing and] seeking the judge's assistance. *Haywood v. Wexford Health Sources, Inc.*, No. 16-3566, 2021 WL 2254968, at *10 (N.D. Ill. June 3, 2021).

The Court must now consider whether Plaintiff was truly impoverished at the time he filed his IFP petition. The Seventh Circuit ruled in *Maboneza v. Kincaid*, "courts have broad discretion in assessing the sufficiency of an applicant's evidence of poverty, especially when it comes to prisoners, who have fewer demands on their income because prisons provide them with food, clothing, shelter, and medical care. *Maboneza v. Kincaid*, 798 Fed. Appx. 19, 21 (7th Cir. 2020) (unpublished) (citing *Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016)).

Plaintiff's trust fund ledgers demonstrate that on October 18, 2018, he had $356.00 in his account but spent $287.76 at the commissary before filing his complaint six weeks later. Even on October 18, 2018, Plaintiff did not have the funds available to pay the filing fee which is $400 for prisoners who do not qualify for IFP status. This case is distinguishable from others where the plaintiff prisoner has evidenced a history of spending down available funds prior to filing. *See Haywood v. Wexford Health Sources, Inc.*, No. 21-1089 (dismissing with prejudice where

plaintiff had prior history of underreporting income and spending down assets before filing a complaint). Here, Plaintiff has no such recognized prior history but is reminded that he may not purposefully dissipate assets so as to qualify for pauper status.

As noted in *Chriswell*, other circuit courts have similarly concluded that immaterial omissions on an IFP application do not require dismissal. *Chriswell,* No. 2013 WL 3669074, at *3–4 (citing *Vann v. Comm'r of N.Y. City Dep't of Corr.,* 496 F. App'x 113, 115 (2d Cir. 2012)) (emphasizing that § 1915 serves to weed out litigants who falsely understate their net worth in order to obtain IFP status, but does not require dismissal for "inaccuracies, misstatements, or minor misrepresentations made in good faith" (citations omitted)); *Lee v. McDonald's Corp.,* 231 F.3d 456, 459 (8th Cir.2000) (noting that the IFP statute "does not mandate that the district court dismiss [plaintiff's] claim if it finds that certain assertions in his affidavit are untrue; instead, it requires the district court to dismiss the claim if it finds that [he] is not sufficiently poor to qualify for *in forma pauperis* status given the facts that are true")

While 28 U.S.C. 1915(e)(2)(A), mandates dismissal if the allegations of poverty are false, it appears that Plaintiff was truly impoverished. *See Chencinski v. Zaruba*, 17 C 5777, 2018 WL 10705082, at *2 (N.D. Ill. May 23, 2018) (finding "no apparent reason to believe that [prisoner] spent down his account" merely to qualify for IFP status). Furthermore, the Court does not find that Plaintiff's actions in not particularly identifying the sources and amounts of outside income are sufficient to show intent to defraud. Plaintiff has been suitably warned, however, that such misstatements will not be considered kindly in the future. Defendants' Motion to Dismiss is DENIED.

**IT IS THEREFORE ORDERED:**

Defendants' Motion to Dismiss (Doc. 54) is hereby DENIED. This case shall proceed.

ENTERED this 2nd day of August, 2022.

<u>s/James E. Shadid</u>
James E. Shadid
United States District Judge